```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                           CAMDEN VICINAGE
```

| | |
|---|---|
| MARY O. MENDEZ, et al., | |
| Plaintiffs, | |
| v. | Civil No. 13-2274 (RMB/AMD) |
| ERIC CHANG, D.O., et al., | **MEMORANDUM AND ORDER** |
| Defendants. | |

**BUMB,** UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), by the United States of America.

On July 20, 2012, Plaintiffs Mary Mendez, Edwin Galarza, and Milatzy Mendez ("Plaintiffs") filed the present matter in the New Jersey Superior Court against multiple defendants seeking damages they allegedly sustained as the direct and proximate result of the Defendants' negligence (i.e., medical malpractice). See Dkt. Entry No. 1, Ex. A. In the complaint, Plaintiffs named the following federal employees as defendants: Eric Chang, D.O., Neil Kaplitz, M.D., Eric K. Yahav, M.D., Mercy Amua-Quarshie, M.D., Antoinette Falconi McCahill, CNM, and CAMcare Health Corporation. Plaintiffs allege that Dr. Chang, Dr. Kaplitz, Dr. Yahav, Dr. Amua-Quarshie, and Nurse Practitioner Falconi

1

McCahill, negligently provided Mary Mendez prenatal care. See id., Ex. A, ¶¶32-37. Plaintiffs further allege that Dr. Chang negligently provided Mary Mendez medical care during the labor and delivery of her and Edwin Galarza's son, Bryan Jadiel Mendez. See id. ¶¶42-45, 47-63.

On April 11, 2013, this action was removed to the United States District Court for the District of New Jersey. At that time, the United States of America was substituted for Defendants Eric Chang, D.O., Neil Kaplitz, M.D., Eric K. Yahav, M.D., Mercy Amua-Quarshie, M.D., Antoinette Falconi McCahill, CNM, and CAMcare Health Corporation as the proper party defendant, pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(c) and (g), with respect to all claims set forth against those parties in the Complaint. See Docket Entry No. 1 (Notice of Removal).

**LEGAL STANDARD**

Defendant United States now moves to dismiss the Complaint against it for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs have failed to exhaust administrative remedies as required under the Federal Tort Claims Act prior to filing suit against the United States. Plaintiffs have not opposed the motion.

Rule 12(b)(1) motions may challenge subject-matter jurisdiction based upon the complaint's face or its underlying facts. Pittman v. Metuchen Police Dept., No. 08-2373, 2009 WL

3207854, *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)). "A facial attack questions the sufficiency of the pleading, and in reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id. A factual attack, by contrast, calls upon the court to engage in a weighing of the evidence. Id. Although a court's inquiry when considering a motion to dismiss is normally limited in scope to the pleadings and related documents, a Rule 12(b)(1) motion based upon a factual challenge enables consideration of evidence extrinsic to the pleadings, such as depositions and affidavits. Gould Electronics Inc. v. Unite States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir. 1997)).

## DISCUSSION

The United States contends that Plaintiffs' failure to exhaust administrative remedies before initiating suit deprives the Court of subject-matter jurisdiction. Specifically, the United States contends that because Plaintiffs filed the present lawsuit without filing an adminstrative claim with the Department of Health and Human Services ("HHS"), which oversees the programs for federally supported health centers, this Court lacks subject matter jurisdiction over Plaintiffs' claims against the United States.

Claims against the United States and its agencies are barred

3

by the doctrine of sovereign immunity unless the immunity is waived. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). For claims sounding in tort, the extent of the United States's waiver of sovereign immunity is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80.[1] Thus, when suing an agency of the United States in tort, a plaintiff must comply with the FTCA's procedural requirements. Here, because a federal agency, HHS, is being sued in tort by Plaintiffs, HHS will be deemed to have waived its sovereign immunity only to the extent prescribed by the FTCA. In other words, if Plaintiffs' claims fall outside the FTCA's limited waiver of sovereign immunity, the Court will lack subject-matter jurisdiction to adjudicate them.

The FTCA requires exhaustion of administrative remedies before initiating suit. It provides, "An action shall not be instituted for money damages for injury . . . unless the claimant shall first have presented the claim to the appropriate Federal agency" and that claim has been finally denied by that agency in

---

[1] Common law tort claims against the federal government and its employees are governed by the FTCA, codified at 28 U.S.C. §§ 1346(b), 2401(b), 2671 to 2680. The FTCA is a limited, qualified waiver of sovereign immunity. The Act permits an action against the United States itself for the alleged wrongful acts or omissions of federal employees acting within the scope of their employment. Suit against the United States under the FTCA provides the exclusive remedy for such alleged wrongful conduct. 28 U.S.C. § 2679(b)(1).

4

writing.  28 U.S.C. § 2675.  As this is a jurisdictional requirement, it should be followed strictly.  <u>Roma v. United States</u>, 344 F.3d 352, 362 (3d Cir. 2003).

Here, it appears that Plaintiffs did not file a claim with HHS before initiating this suit.  The Declaration of Meredith Torres attests to this, <u>and Plaintiffs offer no opposition</u>.  Thus, Plaintiffs' claims against the United States (HHS) are barred by the FTCA.  As the FTCA defines the bounds of this Court's subject-matter jurisdiction, the Court grants Defendant's Rule 12(b)(1) motion.

**<u>CONCLUSION</u>**

For the reasons stated herein,

**IT IS** on this, the **23rd** day of **October 2013**, hereby

**ORDERED** that the motion to dismiss for lack of subject-matter jurisdiction by the United States shall be **GRANTED**; and it is further

**ORDERED** that the Court declines to exercise supplemental jurisdiction over the remaining state law claims; and it is finally,

**ORDERED** that this case shall be remanded to the Superior Court of New Jersey, Camden County.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
